the order within 20 days of the entry of the order herein. (Appeal from certain parts of an order of Oneida Special Term which conditionally dismissed the petition.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ VERNON L. HARE, Respondent, v. ERIE RAILROAD COMPANY, Appellant.— Order unanimously affirmed, without costs of this appeal to either party. (Appeal from order of Erie Special Term denying the motion of the defendant for discovery and inspection of certain hospital records.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ GEORGE DOXTATER et al., Respondents, v. WILLIAM CORIN, Appellant, et al., Defendant.— Orders unanimously affirmed, without costs of this appeal to any party. Memorandum: If bills of particulars have not heretofore been served, they should be served within five days after service of a copy of the order entered herein, with notice of entry thereof. (Appeal by defendant, William Corin, from two orders of Erie Special Term denying defendant's motion to permit the defendant to offer proof that two orders of preclusion were served and denying the motion of defendant to vacate the order vacating the orders of preclusion. The second order grants the motion of plaintiffs to vacate two orders of preclusion.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ JOHN M. THOMAS, Appellant, v. GERALD V. LEARY, Doing Business as BISON CITY STATIONERS, Respondent.— Motion for reargument of motion for leave to appeal to the Court of Appeals denied. Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM CALLAHAN, Appellant, v. WALTER B. MARTIN, as Warden of Attica Prison, Respondent.— Motion for reargument of application to prosecute appeal as a poor person denied. Motion to dismiss appeal granted. Memorandum: One appeal in a habeas corpus proceeding by the relator has already been heard and determined by this court (11 A D 2d 1092). The point sought to be raised by the relator in the present habeas corpus proceeding cannot be made the basis of any relief in habeas corpus.

■ THE PEOPLE OF THE STATE OF NEW YORK v. EDWARD KETWIG.— Order of substitution of attorneys entered. (Anthony R. Palermo, Esq., for Vincent Assini, Esq.)

■ (A) THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER QUINTERO, Appellant, v. WALTER H. WILKINS, as Warden of Attica Prison, Respondent. (B) HENRY SLOMA, Doing Business as SLOMA BLDG. CO., Respondent, v. JAMES G. DAVISON et al., Appellants, et al., Defendants. (C) STEPHEN J. SPERANZA, Appellant, v. SPERANZA & BARILE, INC., et al., Respondents. (D) STEPHEN J. SPERANZA, Appellant, v. SPERANZA & BARILE, INC., et al., Respondents, et al., Defendants. (E) LEWIS STANTON, Respondent, v. HOLDER DRIV-UR-SELF, INC., Appellant. (F) ROBERT TURNER, Appellant, v. DONALD GOLDTHWAITE et al., Respondents. MIRIAM TURNER, Appellant, v. DONALD GOLDTHWAITE et al., Respondents.— [In each action] Order of dismissal for failure to prosecute entered pursuant to rule X of the Rules of the Appellate Division, Fourth Department.

■ THE PEOPLE OF THE STATE OF NEW YORK v. WILLIE GLOVER.— Order of substitution of attorneys entered. (Mrs. Ruth Polur for Robert C. Stewart, Esq.)